NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN CASACELI, | No. 24-487 |
| Plaintiff - Appellant, | D.C. No. 2:21-cv-01413-JJT |
| v. | |
| LIBERTY HEALTHCARE CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted March 27, 2025
Phoenix, Arizona

Before: GRABER and BENNETT, Circuit Judges, and LEFKOW, District Judge.[**]

Plaintiff Susan Casaceli timely appeals from the summary judgment entered

in favor of her former employer, Defendant Liberty Healthcare Corporation

("Liberty"), in this action brought under Title VII, the Arizona Civil Rights Act

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

("ACRA"), and the Arizona Employment Protection Act ("AEPA"). Reviewing de novo, Barton v. Off. of Navajo, 125 F.4th 978, 982 (9th Cir. 2025), we affirm.

1. The three-step, burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to Plaintiff's claims for wrongful-termination; retaliation; and, to the extent that Plaintiff does not rely on a hostile-work-environment theory,[1] sex discrimination. See Kama v. Mayorkas, 107 F.4th 1054, 1058–59 (9th Cir. 2024) (describing the framework applicable to retaliation claims brought under Title VII); Bodett v. CoxCom, Inc., 366 F.3d 736, 742–43 (9th Cir. 2004) (explaining that Title VII claims and ACRA claims are generally treated identically, and applying McDonnell Douglas to a disparate-treatment religious-discrimination claim).[2]

We assume, without deciding, that Plaintiff established a prima facie case with respect to each of those claims and, thus, we turn to McDonnell Douglas's second step. Liberty asserts that it fired Plaintiff at the behest of the Arizona Department of Economic Security's Division of Developmental Disabilities

---

[1] On appeal, Plaintiff suggests that her sex-discrimination claim is broader than a hostile-work-environment theory. We therefore analyze Plaintiff's claim for sex-discrimination under both "Title VII's burden-shifting [and] hostile environment frameworks." Brown v. City of Tucson, 336 F.3d 1181, 1191 (9th Cir. 2003).

[2] The parties, and we, agree that McDonnell Douglas also governs our analysis of Plaintiff's AEPA claim.

("Division"), the sole client that Plaintiff served in Arizona. Ample evidence in the record—including deposition testimony and contemporaneous emails describing that the Division's leadership had lost faith in Plaintiff's abilities before Plaintiff was let go—supports that legitimate, non-retaliatory, and non-discriminatory justification for purposes of the step-two inquiry. See Merrick v. Hilton Worldwide, Inc., 867 F.3d 1139, 1146–47 (9th Cir. 2017) (summarizing the employer's burden).

The record does not create a genuine issue of material fact suggesting that Liberty's asserted reason is pretextual. See Kama, 107 F.4th at 1059 (stating legal standard). As an initial matter, Plaintiff's temporal-proximity evidence—which shows that Plaintiff was fired just over a month after she expressed concerns about a colleague's billing practices—is not "particularly strong" and, thus, is not "enough by itself" to establish pretext in this case. Id. at 1061; see also id. (noting that temporal-proximity evidence is strongest when "the protected activity and adverse action were separated by only a few days"). The probative value of that evidence is further diminished because the protected activity occurred around the same time that Liberty took steps to address the Division's complaints about Plaintiff. See id. at 1060 ("Evidence of temporal proximity is less persuasive if it also supports a defendant's independent reason for an adverse action.").

Nor do Plaintiff's remaining arguments suffice to show a genuine issue of material fact as to pretext. For one thing, Plaintiff's claim that she was not to blame for the incidents leading to the Division's dissatisfaction is beside the point; all that matters here is whether Liberty "honestly believe[d]" that the Division wanted Plaintiff removed.[3] Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1063 (9th Cir. 2002) (emphasis added). Further, and despite Plaintiff's assertion to the contrary, Liberty's justification has not "shifted" over time. Liberty has consistently stated that it fired Plaintiff because of the Division's complaints, not because of Liberty's views on Plaintiff's performance. Indeed, the transcript of Plaintiff's call with human resources shows that Liberty offered Plaintiff the same explanation when Liberty first told Plaintiff that she could either resign or be fired. Similarly, Plaintiff's status as a "superstar" at Liberty, and in a different role, has no obvious connection to the Division's opinion of her as the executive director of its project.

2. Plaintiff's hostile-work-environment claim also fails.[4] To defeat

---

[3] Relatedly, there is no evidence suggesting that Liberty might have had reason to question the legitimacy of the Division's motive. Nothing in the record suggests that, at the time of the termination, (1) Plaintiff had reported to Liberty her belief that the Division's frustration was motivated by gender bias or (2) the Division knew about Plaintiff's concerns regarding Liberty's contractual performance.

[4] The parties, and we, agree that Title VII and ACRA should be treated the same way for the purpose of reviewing Plaintiff's hostile-work-environment claim.

Liberty's motion for summary judgment with respect to that claim, Plaintiff must present evidence allowing a reasonable juror to conclude, among other things, that her work environment was objectively hostile. See Okonowsky v. Garland, 109 F.4th 1166, 1178–79 (9th Cir. 2024) (stating legal standard). The isolated incidents of verbal aggression that Plaintiff identifies do not satisfy that requirement. See Reynaga v. Roseburg Forest Prods., 847 F.3d 678, 687 (9th Cir. 2017) (explaining that isolated incidents do not suffice unless they are extremely serious). EEOC v. National Education Ass'n, Alaska, 422 F.3d 840 (9th Cir. 2005), does not aid Plaintiff, because that case involved conduct that was much more severe, see id. at 847 (analyzing a manager's daily "pattern of verbal and physical intimidation" (emphasis added)).

**AFFIRMED.**